UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SHANITA BRANGMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:23-cv-03973-DCN |
| TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and I.C. SYSTEM, INC., | ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, SHANITA BRANGMAN (Plaintiff), through her attorney, Chauntel D. Bland, Esq., alleges the following against Defendants, TRANS UNION, LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and I.C. SYSTEM, INC. ("I.C. System"), ("Defendants" collectively):

**INTRODUCTION**

1. Counts I to III of Plaintiff's Complaint are based on Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and Regulation V, 12 C.F.R. part 1022.

**JURISDICTION AND VENUE**

1. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

2. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

3. Plaintiff is a natural person residing in Manning, Clarendon County, South Carolina.

4. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

5. Defendant Trans Union is a consumer reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of South Carolina, is a citizen of the State of South Carolina.

6. Defendant Trans Union is a "consumer reporting agency" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

7. Defendant Experian is a consumer reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of South Carolina, is a citizen of the State of South Carolina.

8. At all relevant times Defendant Experian was a "consumer reporting agency" as that term is defined by the FCRA.

9. Defendant I.C. System is a third-party collection agency that does business in Clarendon County, State of South Carolina and has a principal place of business located in St. Paul, Minnesota.

10. I.C. System is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

11. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

14. Defendants Experian and Trans Union have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

15. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflect Plaintiff's history of credit, named: I.C. System, Inc. ("I.C. System").

16. In or around December 2021, Plaintiff reviewed her credit report from Defendants Experian and TransUnion and discovered an account/tradeline with I.C. System, Inc. (Account No. 132566XXX), which reflects an inaccurate balance.

17. The I.C. System account originates with ATT.

18. Plaintiff does not owe the amount claimed by I.C. System.

19. On or about February 3, 2022, Plaintiff sent a dispute letter to Defendants, Trans Union and Experian.

20. Plaintiff explained to Defendants Trans Union and Experian that she did not owe the alleged amount.

21. Plaintiff requested that Defendants Trans Union and Experian correct the inaccurate reporting of the Account.

22. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

23. The consumer reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

24. On or about February 3, 2022, Plaintiff disputed the inaccurate information with Defendants Trans Union and Experian by written communication to their representatives [and by following Defendant Equifax's established procedure for disputing consumer credit information].

25. Plaintiff's dispute letter explained that she did not owe the amount claimed by I.C. System.

26. Upon information and belief, Defendants Experian and Trans Union notified Defendant I.C. System of Plaintiff's dispute and the nature of the dispute.

27. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Experian and Trans Union, Defendant I.C. System received notification from Defendants Experian and Trans Union of Plaintiff's dispute and the nature of the dispute.

28. Upon information and belief, Defendants Experian and Trans Union received the results of Defendant I.C. System's investigation as to Plaintiff's dispute.

29. Upon information and belief, Defendants Experian and Trans Union updated the reporting of the account at issue solely based upon the information it received from Defendant I.C. System in response to Plaintiff's dispute.

30. In or around February 2022, Defendant Experian sent the results of the above-referenced dispute to Plaintiff, confirming its reporting of the alleged debt.

31. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

32. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

33. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

34. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the consumer report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CONSUMER REPORTING ACT

35. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

36. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b).

37. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, SHANITA BRANGMAN, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

38. All actual compensatory damages suffered pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

39. Statutory damages of $1,000.00 pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

40. Costs and reasonable attorneys' fees pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

41. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Consumer reporting Act, 15 U.S.C. § 1681n(a); and

42. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT TRANS UNION VIOLATED THE FAIR CONSUMER REPORTING ACT

43. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

44. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b).

45. Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Trans Union is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other

relief permitted by law.

WHEREFORE, Plaintiff, SHANITA BRANGMAN, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

47. Costs and reasonable attorneys' fees pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

48. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Consumer reporting Act, 15 U.S.C. § 1681n(a); and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT I.C. SYSTEM, INC. VIOLATED THE FAIR CREDIT REPORTING ACT

50. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

51. Defendant I.C. System violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to I.C. System;

   b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

   d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

52. I.C. System's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, I.C. System is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, SHANITA BRANGMAN, respectfully requests judgment be entered against Defendant I.C. SYSTEM, INC., for the following:

53. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

54. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

55. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 10, 2023                By: /s/ Chauntel D. Bland
                                        Chauntel D. Bland, Esquire
                                        463 Regency Park Drive
                                        Columbia, SC 29210
                                        Tel: (803) 319-6262
                                        Fax: (866) 322-6815
                                        chauntel.bland@yahoo.com